GEORGE M. MANSELL

*vs.*

LEWISTON, AUGUSTA & WATERVILLE ST. RY.

Kennebec County. Decided December 20, 1912. This case comes up on motion. It is an action for damages for personal injuries received by the plaintiff by the over-turning of his cab, which came in contact with a rail of the defendant's road at the Western Avenue Junction in the city of Augusta. No question is raised as to the amount of the verdict. The accident occurred in the traveled part of the way.

Upon the evidence, the jury would be authorized to find that, at the point of accident, the defendant in clearing the snow from its roadbed, had left a depression or trench, occupied by the track, which made a diagonal slope to the rails, from the level of the snow in the road, eight inches in length and six or seven inches in depth; that is, it formed a triangle with a hypothenuse of eight inches and a perpendicular of six or seven inches.

It was the duty of the defendant, by its charter, to so construct and maintain its railroad that so much of the highway, as might be occupied thereby, should be safe and convenient for travelers,— the same duty imposed upon towns with respect to maintaining the highways and keeping them in repair.

The first question, therefore, is, was the condition complained of a defect? This was a fact for the consideration of the jury. Unless their verdict was clearly wrong, it cannot be disturbed.

We are unable to avoid the conclusion that this trench or channel cut through the snow in the traveled part of the highway, sufficient to cause the overturn of a cab, or other vehicle upon runners, whatever its depth and shape, could be regarded as other than a defect, provided the vehicle was being driven with due care. It is a case in which the accident itself speaks. The fact that the cab overturned in the traveled part of the street, is very strong evidence that such street was unsafe and inconvenient for travelers. Upon this element of the case the verdict cannot be set aside.

It accordingly remains to be seen if the plaintiff was in the exercise of due care. The jury was clearly warranted in finding

for the plaintiff upon this issue. In fact, there is no evidence that contravenes this conclusion, nor does the defendant raise the question in its brief. It is true, the plaintiff had frequently been past the locus, but upon the day of the accident quite an amount of snow had fallen which obscured the real condition, and, in addition to this, the plaintiff was obliged to turn from the most traveled part of the way to avoid collision with an approaching coal team. Plea, general issue. The jury rendered a verdict for the plaintiff for $585.00 and the defendant filed a motion for new trial. Motion overruled. *B. F. Maher,* for plaintiff. *Heath & Andrews,* for defendant.